IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| GEORGE A. JACKSON, | : | |
| Plaintiff, | : | |
| v. | : | Civ. No. 14-881-LPS |
| STANLEY TAYLOR, et al., | : | |
| Defendants. | : | |

George A. Jackson, Sussex Correctional Institution, Georgetown, Delaware, Pro Se Plaintiff.

Daniel A. Griffith, Esquire, Whiteford, Taylor & Preston, L.L.C., Wilmington, Delaware. Counsel for Defendants Dr. Lawrence McDonald and Correct Care Solutions, Inc.

**MEMORANDUM OPINION**

March 12, 2015
Wilmington, Delaware

[signature]

**STARK, U.S. District Judge:**

## I. INTRODUCTION

Plaintiff George A. Jackson ("Plaintiff") filed this action raising claims under Delaware law for breach of contract, aiding and abetting, tortious interference with a contract, and fraudulent inducement. Plaintiff is incarcerated at the Sussex Correctional Institution in Georgetown, Delaware. He appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 8) The Court proceeds to review and screen the Complaint, amended on October 2, 2014, pursuant to 28 U.S.C. § 1915 and § 1915A. (*See* D.I. 1, 11)

## II. BACKGROUND

This case stems from another case filed by Plaintiff in this Court, *Jackson v. Ivens*, Civ. No. 01-599-LPS ("Jackson I"). In Jackson I, Plaintiff alleged deliberate indifference to a serious medical need and the refusal to provide adequate medical care for his condition of sarcoidosis.[1] This Court granted the medical service provider, Correctional Medical Services ("CMS"), summary judgment and the decision was affirmed on appeal. *See Jackson v. Ivens*, 565 F. App'x 115 (3d Cir. Apr. 30, 2014). During the pendency of Jackson I, Plaintiff entered into a settlement agreement and release with State Defendants who agreed to provide to Lourdes Aponte, M.D.,"all of Jackson's medical records and test results pertaining to Jackson's previously diagnosed sarcoidosis." (D.I. 1 Ex. A) The State Defendants who were parties to the settlement agreement and release in Jackson I included Stanley Taylor ("Taylor"), Carl C. Danberg ("Danberg"), James C. Welch ("Welch"), and Richard Kearney ("Kearney"), all of whom are defendants in the instant action ("Jackson II").

---

[1] A disease of unknown origin marked by formation of granulomatous lesions that appear especially in the liver, lungs, skin, and lymph nodes. *The American Heritage Stedman's Medical Dictionary* 730 (2d ed. 2004).

1

Plaintiff alleges that State Defendants breached the settlement agreement and intentionally failed to disclose relevant medical records which caused him "to lose an otherwise valid [] action," that is Jackson I. Plaintiff alleges that medical Defendants Dr. Lawrence McDonald ("Dr. McDonald") and Correct Care Solutions ("CCS") ("together "medical Defendants") were involved in the strategy when Dr. McDonald testified as CMS' corporate designee and submitted an affidavit on behalf of CMS to support its motion for summary judgment in Jackson I. Plaintiff seeks compensatory and punitive damages.

### III. LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) or § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff is proceeding *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a

2

"clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *see also Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g., Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court must grant Plaintiff leave to amend his Complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). In addition, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Twombly*, 550 U.S. at 570).

To determine whether a complaint meets the pleading standard as set forth in *Twombly* and *Iqbal*, the court must: (1) outline the elements a plaintiff must plead to a state a claim for relief;

3

(2) peel away those allegations that are no more than conclusions and thus not entitled to the assumption of truth; and (3) look for well-pled factual allegations, assume their veracity, and then "determine whether they plausibly give rise to an entitlement to relief." *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012) (internal citations omitted) (citing *Iqbal*, 556 U.S. at 679; *Argueta v. United States Immigration and Customs Enforcement*, 643 F.3d 60, 73 (3d Cir. 2011)). The last step is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

## IV. DISCUSSION

The Complaint and Amended Complaint do not contain jurisdictional statements. Nor do they reference any particular statute. Federal courts have an obligation to address issues of subject matter jurisdiction *sua sponte*. *See Meritcare Inc. v. St. Paul Mercury Ins. Co.*, 166 F.3d 214, 217 (3d Cir. 1999). In liberally construing the allegations, as the Court must, it is evident that Plaintiff raises claims under Delaware law for breach of contract, aiding and abetting, tortious interference with a contract, and fraudulent inducement. Because no federal questions are asserted, jurisdiction is not appropriate under 28 U.S.C. § 1331. Hence, the Court must discern whether jurisdiction is proper by reason of the diversity of the parties pursuant to 28 U.S.C. § 1332.

In a diversity action, a district court has subject matter jurisdiction over state law claims pursuant to 28 U.S.C. § 1332, if plaintiff is a citizen from a state different from each defendant and the amount in controversy exceeds $75,000. *See Werwinski v. Ford Motor Co.*, 286 F.3d 661, 666 (3d Cir. 2002). Section 1332 requires complete diversity. *See Braun v. Gonzales*, 557 F. App'x 176, 179 (3d Cir. Jan. 30, 2014) (*citing Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999)). This means that each defendant must be a citizen of a different state from each plaintiff. *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978).

4

Plaintiff's allegations fail to demonstrate satisfaction of the requirements of federal subject matter jurisdiction. The Complaint alleges that Plaintiff is a resident of Delaware and CCS is a corporation organized under the laws of the State of Delaware and located in Delaware. In addition, the Court takes judicial notice that at least one other defendant is a citizen of the State of Delaware. Danberg, the former Commissioner of the Delaware Department of Correction, is currently a judge of the Court of Common Pleas for New Castle County, Delaware. Pursuant to 10 Del. C. § 1302(b), Court of Common Pleas judges for the State of Delaware must be citizens of the State. Because Plaintiff and at least one Defendant is from Delaware, complete diversity is lacking. Accordingly, the Court lacks subject matter jurisdiction over this matter.

V.  **CONCLUSION**

For the above reasons, all pending motions (D.I. 7, 17, 18, 21, 25, 27, 28) will be denied as moot, and the Complaint will be dismissed for lack of subject matter jurisdiction, without prejudice to pursuing the matter in State Court. The Court finds amendment futile.

An appropriate Order follows.